IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: MERGIE TAROY MILLER § | | Case No. 25-42286-mxm7 |
| Debtor § | | |
| § | | |
| MERGIE TAROY MILLER, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Chapter 7 |
| § | | |
| HIGHER EDUCATION SERVICING § | | |
| CORPORATION, ASPIRE § | | |
| RESOURCES, INC. and UNITED § | | |
| STATES DEPARTMENT OF § | | |
| EDUCATION, § | | |
| Defendants § | | Adv. No.  26-04003-mxm |

### TEXAS GUARANTEED STUDENT LOAN CORPORATION d/b/a TRELLIS COMPANY'S UNOPPOSED MOTION TO INTERVENE AND BE SUBSTITUTED FOR IS, LLC, DBA HESC SERVICE CENTER AND MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF THE SAID COURT:

Texas Guaranteed Student Loan Corporation d/b/a Trellis Company ("TGSLC") files this Motion to Intervene and be Substituted for Higher Education Servicing Corporation (HESC) and would show the Court the following:

### BACKGROUND

1. On January 19, 2026, Plaintiff Mergie Taroy Miller filed a complaint to determine the dischargeability of Plaintiff's student loans.

2. The student loans covered by this motion were serviced by HESC, held by First Convenience Bank and guaranteed by TGSLC.

1

3. On January 30, 2026 TGSLC processed and paid claims from HESC seeking payment for the amount of Plaintiffs' outstanding student loan debt held by First Convenience Bank pursuant to TGSLC's guarantee.

4. TGSLC has paid First Convenience Bank the amount owed to it under TGSLC's guarantee of Plaintiff's student loans and First Convenience Bank assigned all its right, title and interest in Plaintiffs' student loans to TGSLC.

## MEMORANDUM

5. Rule 24 (b) of the Federal Rules of Civil Procedure as made applicable by Federal Bankruptcy Rule 7024 provides that on "timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).

6. A guarantor of the loans of a plaintiff seeking to discharge his or her student loan debt has a sufficient interest and is so situated that they should be allowed to intervene in the plaintiff's dischargeability action. *See In re Matthews*, 516 Fed. Appx. 556, 558, 562 & n.4 (6th Cir. 2013) (affirming "the bankruptcy court's determination allowing ECMC to intervene in the adversary proceeding" on the ground "that it was proper to allow ECMC to intervene in its separate role as . . . guarantor" of the plaintiff's student loans).

7. Rule 25(c) of the Federal Rules of Civil Procedure, as made applicable by Federal Bankruptcy Rule 7025, addresses the substitution of parties where a party's interest has been transferred. "Under Rule 25(c), the court may direct that the person to whom the interest has been transferred be substituted." *Collateral*

*Control Corp. v. Deal (In re Covington Grain Co.)*, 638 F.2d 1357, 1360 (5th Cir. Unit B 1981).

8. The circumstance in which student loan "notes, and any possible rights under them, [are] transferred to" a guarantor is "the very paradigm of an assignment controlled by Rule 25(c)." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

9. HESC filed a claim with TGSLC on behalf of First Convenience Bank pursuant to 34 C.F.R. § 682.402(f)(5)(i)(C), which provides that the "lender shall file a bankruptcy claim on the loan with the guaranty agency . . . if . . . [t]he borrower has begun an action to have the loan obligation determined to be dischargeable on grounds of undue hardship."

10. However, if this Court enters a "ruling . . . that the loan is not dischargeable under 11 U.S.C. 523(a)(8)," then the "lender shall repurchase from the guaranty agency a loan held by the agency pursuant to a bankruptcy claim paid to that lender." 34 C.F.R. § 682.402(j)(1)(ii).

11. HESC, as the agent and servicer for First Convenience Bank, has no present interest in the litigation of this matter. To prevent a possible default judgment against it that might prejudice TGSLC's right to require HESC to repurchase Plaintiffs' student loan debt on behalf of First Convenience Bank in the event it is held nondischargeable, TGSLC should be permitted to intervene and be substituted for HESC in this matter.

WHEREFORE, PREMISES CONSIDERED, TGSLC hereby requests that its motion to intervene and be substituted for HESC be granted, that HESC be dismissed

from this action and that TGSLC be given fourteen days following substitution to answer Plaintiff's complaint.

Respectfully submitted,

RAY & WOOD

By:_____
Doug W. Ray
State Bar No. 16599200

300 Beardsley Lane, Suite B-100
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Facsimile)
dray@raywoodlaw.com

**ATTORNEY FOR MOVANT
TEXAS GUARANTEED STUDENT
LOAN CORPORATION d/b/a
TRELLIS COMPANY**

## VERIFICATION

I, Valorie Crutchfield, Bankruptcy Supervisor with Texas Guaranteed Student Loan Corporation d/b/a Trellis Company, declare under penalty of perjury that the factual statements in the foregoing motion are within my personal knowledge and true and correct.

Executed on February 17, 2026.

*Valorie Crutchfield*
_____
Valorie Crutchfield

## CERTIFICATE OF CONFERENCE

On February 17, 2026, the undersigned conferred with Plaintiff's counsel regarding this motion and Plaintiff is not opposed to this motion.

_____
Doug W. Ray

## **CERTIFICATE OF SERVICE**

On February 17, 2026 I electronically submitted the foregoing document and proposed order with the clerk of court for the U.S. Bankruptcy Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that the clerk has served the following electronically or I have served the following by email:

Clayton L. Everett
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
clayton@norredlaw.com
*Attorney for Plaintiff*

                                                             /s/ Doug W. Ray
                                                             Doug W. Ray