IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: MERGIE TAROY MILLER | § | Case No. 25-42286-mxm7 |
|     Debtor | § | |
| | § | |
| MERGIE TAROY MILLER, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Chapter 7 |
| | § | |
| TEXAS GUARANTEED STUDENT | § | |
| LOAN CORPORATION d/b/a | § | |
| TRELLIS COMPANY, ASPIRE | § | |
| RESOURCES, INC. and UNITED | § | |
| STATES DEPARTMENT OF | § | |
| EDUCATION, | § | |
|     Defendants | § | Adv. No. 26-04003-mxm |

## ANSWER OF TEXAS GUARANTEED STUDENT LOAN CORPORATION d/b/a TRELLIS COMPANY

Defendant, Texas Guaranteed Student Loan Corporation d/b/a Trellis Company, a non-profit Texas corporation ("TGSLC"), for its answer to the complaint of the Plaintiff, Mergie Taroy Miller ("Complaint" and "Plaintiff," respectively), alleges and states as follows:

1. TGSLC admits the allegations of Paragraph 1 of the Complaint.

2. TGSLC admits the allegations of Paragraph 2 of the Complaint.

3. TGSLC admits the allegations of Paragraph 3 of the Complaint.

4. TGSLC admits the allegations of Paragraph 4 of the Complaint.

5. TGSLC admits the factual information regarding Higher Education Servicing Corporation in Paragraph 5 of the Complaint, but alleges that it is no longer a defendant as TGSLC has been substituted for this defendant.

6. TGSLC admits the allegations of Paragraph 6 of the Complaint.

7. TGSLC admits the allegations of Paragraph 7 of the Complaint.

8. TGSLC admits the allegations of Paragraph 8 of the Complaint.

9. TGSLC has insufficient information to admit or deny the allegations of paragraph 9 of the Complaint and therefore denies the same, but TGSLC admits that it is the owner and holder of student loans executed by Plaintiff and that the current balance of this student loan debt is $$25,870.61.

10. TGSLC has insufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and therefore denies the same.

11. TGSLC has insufficient information to admit or deny the allegations of Paragraph 11 of the Complaint and therefore denies the same.

12. TGSLC has insufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and therefore denies the same.

13. TGSLC has insufficient information to admit or deny the allegations of Paragraph 13 of the Complaint and therefore denies the same.

14. TGSLC has insufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and therefore denies the same.

15. TGSLC has insufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies the same.

16. TGSLC has insufficient information to admit or deny the allegations of Paragraph 16 of the Complaint and therefore denies the same.

17. TGSLC has insufficient information to admit or deny the allegations of Paragraph 17 of the Complaint and therefore denies the same.

18. TGSLC has insufficient information to admit or deny the allegations of Paragraph 18 of the Complaint and therefore denies the same.

19. TGSLC has insufficient information to admit or deny the allegations of Paragraph 19 of the Complaint and therefore denies the same.

20. TGSLC has insufficient information to admit or deny the allegations of Paragraph 20 of the Complaint and therefore denies the same.

21. TGSLC has insufficient information to admit or deny the allegations of Paragraph 21 of the Complaint and therefore denies the same.

22. TGSLC has insufficient information to admit or deny the allegations of Paragraph 22 of the Complaint that Plaintiff has made payments of $14,523.95 towards her student loan debt and therefore denies the same, but TGSLC admits that Plaintiff has made payments of at least $11,397.78 towards her student loan debt.

23. TGSLC has insufficient information to admit or deny the allegations of Paragraph 23 of the Complaint and therefore denies the same.

24. TGSLC has insufficient information to admit or deny the allegations of Paragraph 24 of the Complaint and therefore denies the same.

25. TGSLC reasserts and incorporates its responses in the preceding paragraphs.

26. TGSLC denies the allegations of Paragraph 26 of the Complaint.

27. TGSLC denies the allegations of Paragraph 27 of the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, TGSLC prays for relief as follows:

A. Declaring the indebtedness at issue to be nondischargeable pursuant to 11 U.S.C. § 523(a)(8); and

B. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RAY & WOOD

By:_____
Doug W. Ray
State Bar No. 16599200

300 Beardsley Lane, Suite B-100
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Facsimile)
dray@raywoodlaw.com

**ATTORNEY FOR DEFENDANT
TEXAS GUARANTEED STUDENT
LOAN CORPORATION d/b/a
TRELLIS COMPANY**

**CERTIFICATE OF SERVICE**

On February 26, 2025 I electronically submitted the foregoing document and proposed agreed order with the clerk of court for the U.S. Bankruptcy Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that the clerk has served the following electronically or I have served the following by email:

Clayton L. Everett
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
clayton@norredlaw.com
*Attorney for Plaintiffs*

_____
Doug W. Ray

-5-